Ludbi.ing-, C. J.
The plaintiffs, creditors of John Eaton, sued to set aside a dation en paiement by him to his wife, on the grounds that there was no debt due the wife; that the husband was insolvent at the time he made the giving in payment, and that in the act by which the giving in payment was made, the wife assumed the payment of the debt of the husband.
There was judgment in favor of the plaintiff, and Mrs. Eaton has appealed.
On the twenty-ninth of September, 1851, John Eaton and Celeste Landry entered into a marriage contract, passed before H. L. Duffel, notary public in the parish of Ascension. This contract states that “the future wife brings in marriage as separate or extra dotal property, a slave of yellow complexion, named Sally, aged about fifteen.” It further ^states that—
“ Article 4 — In view of the future marriage, and to secure the future welfare of his intended wife, and as a token of his affection for her, the said John Eaton does hereby -make a donation to the said Marie Celeste Landry, of the- sum of ten thousand dollars, represented by three checks, drawn this day by J. H. Morrison & Co.; one, No. 2338, *342 sum of $4000; the second, No. 416, on the Louisiana State Bank, for the sum of $3000; the third, No. 139, on the Bank of Louisiana, for the sum of $3000} all payable on demand, to the order of Marie Celeste Landry, which said checks after having been, by me notary signed ‘Ne varietur’ to identify them herewith, were handed to the future spouse, who immediately indorsed and returned them to the donor, for the purpose of collecting them to her use and benefit.
“ Article 5 — Marie Celeste Landry does hereby constitute the above sum of $10,000 as her dowry, and stipulates that in case of her death without issue from the present marriage, she makes a donation to her future husband of the amount thus constituted by her in dowry.”
On the thirty-first of January, 1872, the husband made the dation en paiement. On the sixth of February, 1872, the plaintiffs obtained their judgment against the husband, on a debt which was contracted before the dation en paiement.
We think the donation of the checks mentioned in the contract of marriage was perfected by the marriage} that the money collected from the banks on said checks belonged to the wife, and that the money thus collected by the husband, as well as the price of the slave sold and received by him, was the paraphernal property of the wife, for which the wife had a mortgage on her husband’s property to secure its restitution. Before any other mortgage against the husband had attached to the property, the husband gave it to his wife in payment of the said sums due her. It is evident that if the wife had recorded her mortgage on the day the giving in payment was made, her mortgage would have attached to the property, and she could have sold the property under her mortgage to satisfy her debt, without giving just grounds to her husband’s creditors to complain. We think it equally clear that he could make the giving in payment lawfully.
We say the property given to the wife by the future husband was extra dotal, because the title of the wife was not indefeasible until the marriage was consummated.
c‘ Whatever in the marriage contract is declared to belong to the wife, or to be given to her on account of the marriage, by other persons than the husband, is part of the dowry,” etc. 2338.
Therefore, the property which is declared to be given to her in consideration of the marriage by the husband, is paraphernal.
Article 2335 declares that the separate property of the wife is divided into dotal and extra dotal. In the case now under consideration, it is immaterial whether the checks were dotal or extra dotal} in either event the wife had a mortgage on the property transferred to her, and the creditor was not injured, as it is admitted the price for which the drawn on the Merchants’ and Traders’ Bank of New Orleans, for the *343 property was transferred to her is a fair and full price. C. C. 3319; 2 An. 834.
The evidence in the record does not satisfy us that John Eaton was insolvent at the date the elation en paiement was made; but had he been, that fact would not have prevented the giving in payment to replace the wife’s paraphernal' effects alienated during marriage. Article 2446 C. C. expressly authorizes the giving in payment, when the spouses are judicially separated in property j and to entitle her to this separation she must allege and prove the embarrassment of the husband.
Neither is there any force in the objection that the wife assumed the payment of a mortgage which the Citizens’ Bank had on the property transferred to her. She took the property cum onere in payment of her claims. The plaintiffs, at least, have no interest to raise that question.
It is therefore ordered that the judgment of the lower court be annulled, and that there be judgment in favor of the defendant and appellant, rejecting the plaintiffs’ demand with costs in both courts.
Rehearing refused.